UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
MICHIGAN BAC PENSION FUND,

          Plaintiff,

                            Case No.

v.

                            Hon.

ZANETTI ENTERPRISES GROUP, LLC,

          Defendant.
_____/
WATKINS, PAWLICK, CALATI & PRIFTI, PC
LAUREN E. CRUMMEL (P73333)
JOSEPH W. UHL (P68990)
Attorneys for Plaintiff
1423 E. 12 Mile Rd.
Madison Heights, MI 48071
(248) 658-0800
lcrummel@wpcplaw.com
juhl@wpcplaw.com
_____/

**COMPLAINT**

     Plaintiff trustees of the Michigan BAC Pension Fund, by and through their attorneys, Watkins, Pawlick, Calati & Prifti, PC, complain against Defendant Zanetti Enterprises Group, LLC, as follows:

     1.   This is an action brought by trustees and fiduciaries of a jointly administered, multi-employer benefit fund under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145,

1

and Section 301(a) of the Labor Management and Relations Act (LMRA), 29 U.S.C §185(a), to, inter alia, collect delinquent contributions, interest and assessments against Defendant.

## Jurisdiction

2.     Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145.

## Venue

3.     Venue of the United States District Court for the Western District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C §1132(e)(2), the district in which the Funds are administered.

## Parties

4.     Plaintiff is the trustees and fiduciaries of the Michigan BAC Pension Fund (Fund).

5.     The Fund receives contributions from various employers pursuant to the terms of collective bargaining agreements ("CBA") within the International Union of Bricklayers and Allied Craftworkers, Local 2, AFL-CIO (created in October 2013 from a consolidation of Michigan BAC Locals 1 and 9).

6.     The Fund maintains its principal offices in the City of Lansing, County of Eaton, State of Michigan.

7. Defendant Zanetti Enterprises Group LLC (Zanetti) is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C. 185(a) and Section 3(5) of the ERISA, 29 U.S.C. 1002(5) with a principal place of business in the City of Battle Creek, County of Calhoun, State of Michigan (Ex. 1).

**ERISA Fringe Benefit Contributions and Other Obligations**

8. Defendant is bound by a CBA with BAC Local 2 for the period including January 2012 to December 2014. Under the terms of the CBA and the Fund's Trust Agreement and amendments, Defendant became obligated to make contributions to Plaintiff with respect to covered worked performed by Defendant's employees and to submit its books and records to Plaintiff for periodic inspection and audit. (Exs. 2 and 3).

9. The amount of pension contributions Defendant owes the Fund is determined by the type of work its employees perform.

10. In response to an audit of Defendant's payroll records for the period of January 2015 through September 2017, Defendant contested the Fund's classification of an employee as a Tile Setter, alleging that she should have been classified as an Apprentice Tile Finisher. (Ex. 4).

11. On September 17, 2018, Plaintiff, among other BAC fringe benefit funds, denied Defendant's request to reclassify Defendant's employee from Tile Setter to Apprentice Tile Finisher. (Ex. 5).

3

12. As a result of Defendant's misclassification, Plaintiff initiated a re-audit of Defendant's payroll records from January 2012 to December 2014 to determine whether there were additional misclassifications.

13. The re-audit of Defendant's payroll records for the period of January 2012 through December 2014 revealed that Zanetti had, in fact, misclassified five employees as "Tile Finishers" although they performed "Tile Setter" duties.

14. Pursuant to the CBA, "Tile Setters" should receive approximately $2.50 more per hour in pension contributions than "Tile Finishers."

15. Defendant's misclassification of these five employees for the period of January 2012 through December 2014 resulted in an underpayment of $61,021.50 in Fund contributions. (Ex. 6).

16. But for Defendant calling attention to the misclassification in 2018, Plaintiff would have been unable to discover Defendant's misclassification of its five employees for the period of January 2012 through December 2014.

17. Plaintiff demanded, via its November 19, 2021 letter, that Defendant pay the pension contributions due for the misclassification of Defendant's five employees from January 2012 through December 2014. (Ex. 7).

18. Defendant failed to pay or respond.

## COUNT I – FAILURE TO MAKE BENEFIT CONTRIBUTIONS AS VIOLATION OF THE CBA AND TRUST AGREEMENT

19.   Plaintiff incorporates the allegations of the preceding paragraphs by reference.

20.   Section 301(a) of the LMRA, 29 U.S.C. 185(a), provides a federal forum to enforce labor contracts, including the contractual promise to pay contributions.  Plaintiff Trustees and the Fund are third-party beneficiaries of the CBA and/or other written agreements.

21.   Defendant breached the CBA and Trust Agreement by failing to pay contributions and other amounts to the Fund.

WHEREFORE, Plaintiff requests this Court enter judgment against Defendant, in Plaintiff's favor, and containing the following provisions:

A.   Adjudicating that Defendant is bound to the CBA with BAC Local 2, and pursuant to the CBA and applicable law, must pay benefit contributions to Plaintiff for all covered work.

B.   Awarding Plaintiff $102,472.26 found due under the January 2012 to December 2014 re-audit, including $61,021.50 in delinquent contributions, $41,309.76 in interest, and $141.00 audit costs;

C.  Awarding Plaintiff all costs, interest, and attorneys' fees incurred in bringing and prosecuting this present action to which they are entitled under Section 502(g)(2) of ERISA, 29 USC §1132(g)(2), and Plaintiff's plan documents; and

D.  Granting Plaintiff any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

Respectfully submitted,

WATKINS, PAWLICK,
CALATI & PRIFTI, PC

BY: s://Joseph W. Uhl
JOSEPH W. UHL (P68990)
LAUREN CRUMMEL (P73333)
Attorneys for Plaintiff
1423 E. 12 Mile Rd.
Madison Heights, MI 48071
(248) 658-0800
juhl@wpcplaw.com
lcrummel@wpcplaw.com

Date: February 8, 2022